UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America ) | Cr. No. 7:06-983-HMH |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Thomas Tyrone Norman, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Thomas Tyrone Norman's ("Norman") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court grants Norman's § 2255 motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On December 12, 2006, Norman pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("count 1"); one count of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("count 2"); and one count of possessing a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("count 3"). On July 9, 2007, the court sentenced Norman to 274 months' imprisonment as an armed career criminal pursuant to 18 U.S.C. § 924(e). Norman appealed his conviction and sentence, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on January 24, 2012. United States v. Norman, No. 07-4714,

1

2012 WL 185162, at *4 (4th Cir. Jan. 24, 2012) (unpublished).  Norman filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on January 14, 2013.[1]

## II. DISCUSSION OF THE LAW

Norman alleges that he does not have three prior predicate convictions under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because his prior convictions for assault and battery of a high and aggravated nature ("ABHAN") and pointing a firearm should not have been counted separately "as they arose out of a single criminal episode."  (Norman Mem. Supp. § 2255 Mot. at 7, ECF No. 73-1.)  Section 924(e)(1) provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

After a review of the presentence investigation report ("PSR"), it appears that the ABHAN and pointing a pistol offenses occurred on the same date at the same residence.  Further, Norman was arrested for both offenses on the same day and sentenced on the same day.  The PSR states

> The defendant was represented by defense counsel and he pled guilty before the Honorable John C. Hayes, III.  Indictment number 00-GS-44-705 indicated that Mr. Norman was originally indicted for assault and battery with intent to kill.  The defendant pled guilty to the lesser included offense of assault and battery of a high and aggravated nature.  The Indictment showed that on September 18, 2000, with malice and aforethought, the defendant, committed an assault and battery resulting in violent injury to Eric Bay; in that, Thomas Tyrone Norman shot Eric Bay with a handgun inflicting grievous and serious bodily injury.  The arrest warrant reflected that the defendant shot the victim in the left chest area. Indictment number 00-GS-44-718 showed that on September 18, 2000, the defendant pointed and/or

---

[1]See Houston v. Lack, 487 U.S. 266 (1988).

2

> presented a firearm at the victim, Katy Bay. The offenses occurred at 1208 Lot#12 Linersville Road in Union, South Carolina.

(PSR ¶ 18, ECF No. 27.) In his motion, Norman states that he

> committed an assault and [b]attery on Eric Bay with a handgun by shooting him in the left side of the chest on September 18, 2000, at the same time petitioner pointed a firearm at Katy Bay, who was the victim[']s wife in order to keep her from using a firearm she had in her purse. The first instances and second instance took place at the same time, same place, 1208 Lot#12, Linersville Road, Union, SC which is the exact same geographical area.

(Norman Mem. Supp. § 2255 Mot. at 4, ECF No. 73-1.) In United States v. Williams, the Fourth Circuit found that

> [c]onvictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode. In determining whether convictions arose out of separate and distinct criminal episodes, we consider such factors as whether the offenses (1) occurred in different geographic locations; (2) were of a substantively different nature; (3) and involved multiple criminal objectives or victims. We may apply these factors independently or in conjunction, recognizing that if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes.

187 F.3d 429, 431 (4th Cir. 1999) (internal citations and quotations omitted). Norman's ABHAN and pointing a firearm offenses occurred on the same day at the same location and appear to involve related victims. Thus, it appears that the ABHAN conviction and the pointing a firearm conviction should not have been counted separately because both offenses were part of a single criminal episode.[2]

---

[2]Although the Fourth Circuit on appeal held that Norman "has three qualifying prior convictions (pointing a firearm, ABHAN, and possession with intent to distribute crack cocaine)" and thus "the district court did not err in classifying Norman as an armed career criminal," the court did not consider the specific issue of whether the ABHAN and pointing a firearm were part of a single criminal episode. Norman, 2012 WL 185162, at *2.

In addition, because the ABHAN and pointing a firearm convictions constitute only one predicate conviction, Norman only has two qualifying convictions for purposes of the ACCA. The court notes that Norman has two prior convictions for failing to stop for a blue light, which, at the time he was sentenced, qualified as violent felonies. However, these convictions no longer qualify as violent felonies. United States v. Rivers, 595 F.3d 558, 560 (4th Cir. 2010) (holding "that under no circumstance is a violation of South Carolina's blue light statute a violent felony under the ACCA"). In addition, the Fourth Circuit held on appeal that Norman's prior conviction for escape based "on the record currently before [them] . . . should not have been used as a predicate violent felony to classify Norman as an armed career criminal." Norman, 2012 WL 185162, at *2. Moreover, the Fourth Circuit held that Norman's prior conviction for possession with intent to distribute marijuana did not qualify as a serious drug offense in light of United States v. Simmons, 649 F.3d 237, 241-47 (4th Cir. 2011) (en banc). Eliminating those prior offenses leaves two qualifying convictions: ABHAN/pointing a firearm, and possession with intent to distribute crack cocaine. Thus, Norman should not have been sentenced pursuant to § 924(e)(1), which provides for a 15-year mandatory minimum.

It is therefore

**ORDERED** that Norman's § 2255 motion, docket number 73, is granted and his sentence is vacated. It is further

**ORDERED** that Norman be returned to the District of South Carolina for resentencing.

**IT IS SO ORDERED**.

                                                          s/Henry M. Herlong, Jr.
                                                          Senior United States District Judge

Greenville, South Carolina
January 24, 2013